UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Shaw, # 301480,<br>f/k/a Leroy Shaw, # 199141,<br><br>        Plaintiff,<br><br>vs.<br><br>William R. Byars, Director;<br>LeRoy Cartledge, Warden;<br>Scott Lewis, Ass. Warden;<br>James Parker, Ass. Warden;<br>Frank Mursier, Major, individually and his official capacity;<br>Alleson Glidewell, Hearing Officer;<br>Joyce Young, Mailroom Clerk;<br>Loris Holmes, Inmate Grievance Cood, Individually and in his Official Capacity;<br>J. Victor McDade, Doyle, Tate and McDade, PA, Individually and his Official Capacity,<br><br>        Defendant. | C/A No.: 9:12-2830-RBH-BM<br><br>Report and Recommendation |

Plaintiff, a prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. He is currently incarcerated at the McCormick Correctional Institution, a facility run by the South Carolina Department of Corrections ("SCDC"). Plaintiff challenges SCDC's policy that prisoners may not possess copies of SCDC's prison polices for security reasons.

Plaintiff refers to Civil Action Number 9:12-520-RBH-BM, which he previously filed in this Court on February 24, 2012. In that action, and also in this matter, Plaintiff alleges SCDC is enforcing a policy that is not "in writing." He further claims a denial of his "motion to compel," filed in Civil Action No. 12-520, violates his 1st, 5th, 8th, and 14th Amendment rights. Plaintiff states Defendants are grossly negligent, and have "acted outside the scope of color of state law." He seeks

a jury trial, asks for injunctive relief, and wants money damages - compensatory, exemplary, and punitive - from the Defendants in their individual capacities for "negligent indifference,"and "gross negligent." He also seeks declaratory relief, costs and fees. An attachment to the pleadings in this matter, which was submitted by the Defendants in Civil Action No.12-520, states as follows: "SCDC policy GA,-Ol.03. 'Inmate Access to the Courts,' Section 13.2 provides that copies will not be made for inmates of SCDC policy/procedures. Inmates are not allowed to possess copies of policy for security reasons. The Defendants would assert that Plaintiff can review non-restricted policies at the institution law library and can verify that any policy provisions are cited correctly." Thus, this matter seems to be a challenge to, or duplicative of, portions of Civil Action Number 9:12-520-RBH-BM.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal



construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned is the second case filed by the Plaintiff over SCDC's position concerning the possession of copies of institutional policies by prisoners. *See* Complaint in *Shaw v. Byars, et al.*, Civil Action No. 9:12-520-RBH-BM (D.S.C. 2012). In an order filed in Civil Action No. 9:12-520-RBH-BM on March 13, 2012, the undersigned authorized service of process and directed the defendants to file an answer.

This court may take judicial notice of Civil Action No. 9:12-520-RBH-BM. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Since William R. Byars, the Director of SCDC, the lead defendant in the above-captioned case, is already a party to Civil Action No. 9:12-520-RBH-BM, any decision rendered in Civil Action No. 9:12-520-RBH-BM will resolve the issues presented in this matter. In other words, the complaint in the above-captioned case is subject to summary dismissal because it is duplicative to the complaint filed in Civil Action No. 9:12-520-RBH-BM. *See Aloe Creme Laboratories, Inc. v. Francine Co., supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co., supra*, 425 F.2d at 1296.



# RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra,* 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Bristow Marchant
United States Magistrate Judge

November 14, 2012
Charleston, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

