IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LEROY SHAW, # 301480,  ) | Civil Action No.: 9:12-cv-02830-RBH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| WILLIAM R. BYARS, DIRECTOR; ) | |
| LEROY CARTLEDGE, WARDEN; ) | |
| SCOTT LEWIS, ASS. WARDEN;  ) | |
| JAMES PARKER, ASS. WARDEN; ) | |
| FRANK MURSIER, MAJOR;  ) | |
| ALLESON GLIDEWELL,  ) | |
| HEARING OFFICER; JOYCE  ) | |
| YOUNG, MAILROOM CLERK;  ) | |
| LORIS HOLMES, INMATE  ) | |
| GRIEVANCE COOD.; J. VICTOR  ) | |
| MCDADE, DOYLE, TATE AND  ) | |
| MCDADE, P.A., ALL  ) | |
| INDIVIDUALLY AND THEIR  ) | |
| OFFICIAL CAPACITIES,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

Plaintiff Leroy Shaw, a state prisoner proceeding *pro se*, filed this action, alleging violations of his constitutional rights. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against Defendants *without prejudice* and without service of process.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who is incarcerated at McCormick Correctional Institution, filed this 42 U.S.C. § 1983[2] action in October 2012, alleging that the above-captioned Defendants committed perjury in an existing action, Shaw v. Byars, No. 12-cv-00520-RBH (D.S.C.); prejudiced him; and violated his constitutional rights. Plaintiff states Defendants were grossly negligent and "acted outside the scope of color of state law." He seeks a jury trial, asks for injunctive relief, and wants damages—compensatory, exemplary, and punitive—from Defendants in both their individual and official capacities for "negligent indifference," and "gross negligent." He also seeks declaratory relief, costs, and attorney's fees. Compl., ECF No. 1. The Magistrate Judge issued his R&R on November 9, 2012, recommending that Plaintiff's complaint be dismissed as duplicative to his previously filed action. R&R, ECF No. 8. Plaintiff filed objections to the R&R on December 3, 2012, Pl.'s Objs., ECF No. 11.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific

---

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his constitutional claims as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends summarily dismissing Plaintiff's complaint on the basis that it is duplicative of an existing action. In his objections, Plaintiff contends that this action is not duplicative, pointing out that this action, which he refers to as a "motion for penalty of perjury," "has nothing to do with" the existing action. Pl.'s Objs. 2. However, after reviewing both actions, the Court finds no error in the recommendation of the Magistrate Judge.

Plaintiff filed two motions in the existing action that he referred to as motions for penalty of perjury and due process violations. *See* Docket Report, Shaw v. Byars, No. 12-cv-00520-RBH (D.S.C.). Both of those motions concerned exactly the same conduct he alleges in his complaint now before the Court. Moreover, the relief he seeks in both actions is identical. Unquestionably, the interests of judicial economy underlying *res judicata*, including the conservation of judicial resources and the prevention of piecemeal litigation, are applicable here. *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4403 (2d ed. 2002). Remedies were available—and indeed considered—in the existing action. As the Magistrate Judge noted, the Court has " 'no duty to grind the same corn a second time.' " R&R 3 (quoting *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Therefore, Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 11, 2012
Florence, South Carolina